IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL JERMAINE TAPLIN and NOVA-LEE MARIE GRABER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:24-cv-03208-E-BT |
| HOLLY WAGNER, JEFFEREY YOUNG, GARY LEWIS, and PANTHER PREMIUM LOGISTICS | § § § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Michael Jermain Taplin and Nova-Lee Marie Graber drove for Defendant Panther Premium Logistics (Panther), a trucking company, until their contract was terminated in December 2022, after Panther concluded that Taplin failed to report on time for a scheduled drug test. *See generally* Compl. (ECF No. 3); Mot. (ECF No. 10). Plaintiffs filed EEOC discrimination charges against Panther, and the EEOC issued Plaintiffs right-to-sue letters on July 19 and 26, 2024. Mot. App'x C, D (ECF No. 10-1). Plaintiffs then filed this lawsuit on December 20, 2024, asserting claims against Panther, as well as Panther employees Holly Wagner, Jefferey Young, and Gary Lewis (the "individual Defendants"). Liberally construed, Plaintiffs sue Defendants for unlawful

1

termination, defamation, and for violating the Federal Motor Carrier Safety Regulations (FMCSRs). *See* Compl. at 1–10 (ECF No. 3).

In response, Defendants move to dismiss arguing, among other things, that (1) this Court cannot exercise personal jurisdiction over the individual Defendants, (2) Plaintiffs' employment discrimination and defamation claims are barred by limitations, and (3) the FMCSRs do not provide Plaintiffs a private right of action. *See* Mot. at 2 (ECF No. 10).

As explained below, the District Judge should **GRANT** Defendants' Motion.

## I. Plaintiffs have not established that this Court can exercise personal jurisdiction over the individual Defendants.

In a federal question case,[1] the Fifth Amendment's Due Process Clause fixes the limits of the Court's personal jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Due process is satisfied when a court finds that a defendant has "minimum contacts" with the forum state such that exercising personal jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citation and internal quotation marks omitted). A defendant gains the requisite minimum contacts by conduct that gives rise to either general or specific jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867–68 (5th Cir. 2001) (citation omitted).

---

[1] Liberally construed, Plaintiffs' complaint appears to assert claims arising under federal law.

2

General jurisdiction exists over a person in the state where she is domiciled. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Specific jurisdiction exists when (1) the defendant has minimum contacts with the forum state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the exercise of personal jurisdiction is fair and reasonable." *See Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318–19 (5th Cir. 2020) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

These minimum contacts must be substantial enough that the defendant "should have reasonably anticipated being haled into a [court in the forum state]." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 402 (5th Cir. 2009). Put another way, a defendant only has the requisite minimum contacts if she "purposefully avail[ed] [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, 976 F.3d 570, 573 (5th Cir. 2020) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, (1958)). This "purposeful availment" requirement protects a defendant from being summoned to a forum where she has only "random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation and internal quotation marks omitted). Ultimately, the defendant must have a "substantial connection" for a court to exercise specific personal jurisdiction. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992).

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists." *Dynamo v. Warehouse of Vending & Games*, 168 F. Supp. 2d 616, (N.D. Tex. 2001) (McBryde, J.) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994), *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985)). Where, as here, the Court resolves questions of personal jurisdiction without holding an evidentiary hearing, Plaintiffs need only establish a prima facie case for personal jurisdiction. *See, e.g.*, *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Stuart*, 772 F.2d at 1192. Allegations in the plaintiff's complaint are taken as true unless they are contradicted by the defendant's affidavits. *Wyatt v. Kaplan*, 686 F.2d 276, 282 n.13 (5th Cir. 1982) (citing *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of the plaintiff in determining whether a prima facie case exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Here, Plaintiffs' initial pleading wholly fails to establish this Court's personal jurisdiction over any of the individual Defendants. Plaintiffs have not shown that any individual Defendant is domiciled in Texas. Indeed, the returns of service

Plaintiffs filed reveal that the individual Defendants were personally served in Ohio. *See* ECF Nos. 6, 7, 8. Nor have Plaintiffs alleged any facts showing that any of the individual Defendants have "purposefully availed themselves" of this forum. *See Sayers Constr., L.L.C.*, 976 F.3d at 573.

In their Response to the Motion to Dismiss, Plaintiffs argue that the Court has personal jurisdiction over Wagner and Young based on email communications to and about Plaintiffs. *See* Resp. at 2 (ECF No. 12). But these communications, standing alone, do not permit the Court to exercise personal jurisdiction. *See Manchester Tex. Fin. Grp., LLC v. Badame*, No. A-19-CV-00009-LY, 2019 WL 4228370, at *11 (W.D. Tex. 2019) ("Sending a Texas resident a few emails related to a contract is not sufficient to establish the requisite minimum contacts to confer personal jurisdiction over [plaintiff] in this case.") (citing *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999)); *see also Lea v. McGue*, No. 4:20-CV-00483, 2020 WL 5642320, at *4 (E.D. Tex. 2020) ("[T]he Court is not willing to find a single communication to be sufficient to subject a nonresident to personal jurisdiction in Texas."); *Fogarty v. USA Truck, Inc.*, No. 3:05-CV-1783-M, 2005 WL 3982061, at *5 (N.D. Tex. 2005) ("Even if [Defendant] directed multiple pieces of correspondence to Plaintiff in Texas, correspondence alone is an insufficient basis for specific jurisdiction.").

Plaintiffs also argue that Lewis contacted them via phone and email about scheduling drug tests and created the "termination letter." *See* Resp. at 4 (ECF No. 12). But as discussed, communicating with a forum resident is, by itself, an

insufficient basis to support the exercise of personal jurisdiction. Plaintiffs also acknowledge that the "termination letter" was not sent to them but was instead "posted . . . onto the Clearinghouse website . . . which was how Plaintiff Taplin had obtained it." *See id.*

On this record, the District Judge should find that Plaintiffs have failed to establish the Court can exercise personal jurisdiction over the individual Defendants and dismiss Plaintiffs' claims against those Defendants without prejudice.[2] *See, e.g.*, *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F.App'x 662, 666 (5th Cir. 2004) (dismissal for want of personal jurisdiction should be without prejudice).

## II.  **Plaintiffs have failed to state a plausible claim against Panther.**

To survive dismissal, Plaintiffs' complaint must contain sufficient factual matter to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great*

---

[2] Almost two months after Plaintiffs responded to Defendants' Motion to Dismiss, and over a month after Defendants Replied, Plaintiffs filed an "Objection to Defendants Personal Jurisdiction Challenge." *See* ECF No. 16. The Court liberally construes this filing as a surreply to the Motion to Dismiss. But neither the local rules of this court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right. And the Fifth Circuit has stated that "surreplies are 'heavily disfavored.'" *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021) (quoting *RedHawk Holdings Corp. v. Schreiber Tr. ex rel. Schreiber Living Tr.*, 836 F. App'x 232, 235 (5th Cir. 2020)). Even so, given Plaintiffs' pro se status, the Court has considered Plaintiffs' surreply, ECF No. 16, in making this recommendation. But Plaintiffs' surreply fails to argue or identify any additional basis for this Court to exercise personal jurisdiction over the individual defendants. *See id.*

*Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. When the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 679.

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings "to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by

the complaint." *Smith v. Buffalo Wild Wings*, No. 3:20-CV-2875-D, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

Courts generally hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations omitted) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But "despite [the] general willingness to construe pro se filings liberally," courts "still require pro se parties to fundamentally abide by the rules that govern the federal courts." *See, e.g.*, *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Thus, a pro se plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" *Id.* (citations omitted).

A. <u>Plaintiff's employment discrimination and defamation claims are time-barred.</u>

Liberally construed, Plaintiffs' complaint appears to assert claims for employment discrimination and retaliation under Title VII. *See* Compl. at 1 ("[Petitioners'] filed a charge of discrimination with the . . . EEOC."); *see also* Mot. App'x 001–018, EEOC Charges and Determination Letters (ECF No. 10-1). Panther moves to dismiss Plaintiffs' purported Title VII claims under Rule 12(b)(6). Mot. at 2 (ECF No. 10). In response, Plaintiffs abandon their Title VII claims, asserting that they "did not file [a] lawsuit over discrimination on the basis of race and sex[.]"

8

*See* Obj. at 1 (ECF No. 12); *see also, e.g., Hernandez v. City of Grand Prairie, Tex.,* 2017 WL 4098596, at *13 (N.D. Tex. Sept. 15, 2017) (Lindsay, J.) (a plaintiff who fails to defend or pursue a claim in response to a motion to dismiss has abandoned that claim).

Even if Plaintiffs have not abandoned their claims under Title VII, such claims should be dismissed. First, to plead a discrimination claim under Title VII a plaintiff must allege facts plausibly showing: "(1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir. 2023) (quoting *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023)). And to state a retaliation claim under Title VII, a plaintiff must plead facts to show: (1) she engaged in a protected activity, (2) a materially adverse employment action occurred, and (3) there is a causal link connecting the protected activity to the adverse employment action. *Cuellar v. Sw. Gen. Emergency Physicians, P.L.L.C.*, 656 F. App'x 707, 709 (5th Cir. 2016) (quoting *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004)). But Plaintiffs allege no facts showing that their termination was because of any protected status. Nor do they allege that they engaged in a protected activity, or that they were fired because they engaged in that protected activity. Thus, Plaintiffs have failed to state a claim for relief.

Furthermore, limitations is generally an affirmative defense on which a defendant bears the burden of proof. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense,

including … statute of limitations[.]"). Nonetheless, a statute of limitations defense may support dismissal when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

In this case, the EEOC issued right-to-sue letters to Taplin and Graber on July 19, 2024, and July 26, 2024, respectively. *See* Mot. App'x C, D (ECF No. 10-1). Those notices expressly stated that any lawsuit based on their EEOC charge "must be filed within 90 days of the receipt of [the] notice." *Id.* Plaintiffs do not allege when they received the EEOC letters or that they received these letters and filed suit within the 90-day window. But "[w]hen the date on which a right-to-sue letter was actually received is either unknown or disputed . . . the maximum number of days that court[s] have allowed under the presumption of receipt doctrine" is seven days. *Taylor*, 296 F.3d at 379–80. Presuming that Plaintiffs received their EEOC letters seven days after they were issued, Taplin needed to file suit by October 17, 2024, and Graber needed to file suit by October 24, 2024. Plaintiffs did not file their lawsuit until December 20, 2024— about two months too late. Thus, any claims related to their EEOC charges are untimely, and the District Judge should dismiss with prejudice any Title VII claim against Panther.

Plaintiffs' Complaint also appears to assert a defamation claim against Panther. But, except for the title, the Complaint contains no discussion of defamation. *See generally* Compl. (ECF No. 3). Liberally construed, it appears Plaintiffs may be asserting that Panther's communication to the Federal Motor

10

Carrier Safety Administration (FMCSA) regarding Plaintiff Taplin's failure to report for drug testing was defamatory. Defamation is a tort claim under Texas law.[3] *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Relevant here, Texas has a one-year statute of limitations for defamation claims. *See* Tex. Civ. Prac. & Rem. Code § 16.002(a) (providing a one-year limitations period for "libel" and "slander," the two forms of defamation). According to the documents attached to the Complaint, any "statement" Defendants made to the FMCSA regarding Plaintiffs' failure to appear occurred in December 2022. *See* ECF No. 3 Page ID 32, Taplin's Resp. to EEOC Position Statement (providing a "screenshot" from "DOT Clearinghouse" showing that Panther reported Taplin's failure to appear to the FMCSA on "12/29/2022 8:01:02 AM"). Plaintiffs filed this lawsuit on December 20, 2024, almost a year after limitations ran, and Plaintiffs plead no basis for tolling limitations. Accordingly, the District Judge should dismiss with prejudice any claim for defamation against Panther.

B.  The FMCSRs do not provide a private right of action.

Plaintiffs allege that Panther violated the "Federal Motor Carrier Safety Regulations parts 40 & 382," and the Complaint references various FMCSRs throughout. *See* Compl. 2–4 (ECF No.3). The Court liberally construes these

---

[3] "To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

allegations as an attempt to assert causes of action against Panther under the FMCSRs.

The Motor Carrier Safety Improvement Act of 1999 created the Federal Motor Carrier Safety Administration (FMCSA), codified at 49 U.S.C.A. § 113, which then promulgated the Federal Motor Carrier Safety Regulations (FMCSRs). The Fifth Circuit has never held that the FMCSRs provide a private right of action. And most courts—including this one—have held that a private right of action does not exist under the FMCSRs. *See Thompson v. Intermodal Cartage Co., LLC,* No. 2:24-CV-34-KS-MTP, 2025 WL 699355, at *3 n.3 (S.D. Miss. Mar. 4, 2025); *Brown v. Powers*, No. 2:24-CV-00004-HEA, 2024 WL 4370845, at *3 (E.D. Mo. Oct. 2, 2024); *Khnanisho v. S. Mail Serv., Inc.*, No. 3:22-CV-02791-N-BT, 2024 WL 3207032, at *4 (N.D. Tex. June 20, 2024) (Rutherford, J.), *rec. adopted*, 2024 WL 3585600 (N.D. Tex. July 30, 2024) (Godbey, C.J.); *Fuller v. Werner Ent., Inc.*, No. 3:16-CV-2958-BK, 2018 WL 3548886, at *4 (N.D. Tex. July 24, 2018); *Lipscomb v. Zurich Am. Ins. Co.*, No. 11-2555, 2012 WL 1902595, at *1–2 (E.D. La. May 25, 2012); *Hall v. Chang Soo Kang*, No. CIV-16-1101-HE, 2017 WL 2414916, at *3 (W.D. Okla. June 1, 2017) ("Those [enforcement] mechanisms [in the FMCSRs] do not appear to include a private right of action . . . and the weight of authority suggests that Congress did not intend to authorize a private right of action based on claimed violations of the FMCSRs."). Thus, the District Judge

12

should dismiss with prejudice Plaintiffs' claims based on an alleged violation of the FMCSRs.[4]

## Leave to Amend

The Fifth Circuit is inclined to give pro se plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Courts therefore typically allow pro se plaintiffs to amend their complaints when the action is to be dismissed by a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. A pro se plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.

But leave to amend is not automatic and may be refused where it would be "futile." *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith*

---

[4] After the Motion to Dismiss, ECF No. 10, was fully briefed, Plaintiffs filed an "Objection to Defendants' Second Motion to Dismiss." *See* ECF No. 15. Defendants did not file a second motion to dismiss; instead, it appears that Plaintiffs' filing is another surreply to Defendants' Motion, ECF No. 10. As explained in note 2, *supra*, surreplies are not permitted by this District's local rules or by the Federal Rules of Procedure. And surreplies are "heavily disfavored" in this Circuit. *See* Note 2, *supra* (citing *Butler*, 999 F.3d at 297). But, again, in light of Plaintiffs' pro se status, the Court has considered the surreply, ECF No. 15, in making this recommendation. And, again, nothing in that surreply indicates that Plaintiffs can state a claim against Panther or changes the recommended result. *See id.*

*v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[ ] ha[s] already alleged [his] best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)*; Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Here, the Court should not allow Plaintiffs to amend. Although Plaintiffs have sought leave to amend, *see* Mot. (ECF No. 22), nothing in that motion suggests that Plaintiffs can establish this Court can exercise personal jurisdiction over any individual Defendant or that Plaintiffs can state a plausible claim against Panther. And to the extent that Plaintiffs request leave to name an additional party as a defendant, *see* Mot. (ECF No. 22), they fail to identify any plausible claim against the proposed defendant. Thus, the Court should DENY Plaintiffs leave to amend.

## RECOMMENDATION

For the reasons stated, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion to Dismiss (ECF No. 13) and **DISMISS** the claims against Defendants Wagner, Young, and Lee without prejudice for lack of personal jurisdiction and **DISMISS** the claims against Defendant Panther with prejudice.

**SO RECOMMENDED**.

February 24, 2026.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).